IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILTON COCHRAN and MARY COCHRAN,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION d/b/a HERTZ RENT-A-CAR, a corporation; GENERAL MOTORS LLC; and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>      Defendants. | CASE NO. 8:11-CV-281<br><br><br><br><br>PROTECTIVE ORDER |

## **AGREED DOCUMENT PROTECTIVE ORDER**

This matter coming on before the Court on this 26th day of March, 2012, upon the application of the parties for an entry of an Agreed Protective Order. Upon consideration of the matter, the Court makes the following findings and orders:

The Court finds that the parties have agreed to the entry of this Order as a means of expediting discovery of documents and information which may be relevant herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

**I.**

**PROCEDURES FOR DETERMINING CONFIDENTIAL STATUS**

1. Prior to production of documents, General Motors LLC ("GM") shall designate as "confidential" or "produced pursuant to protective order" any such document, information or materials it claims constitute trade secrets, confidential business information, or are otherwise entitled to protection. The designation of Protected Documents may be made by marking or

placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

2. The confidential status accorded any documents, information or material produced pursuant to this Order shall remain in effect until further Order of this Court as to any such document, information or material.

## II.

## ORDERS REGARDING "CONFIDENTIAL" DOCUMENTS OR THINGS

With regard to those documents, information or materials which are accorded "confidential" status as set forth above, the following orders shall be in effect:

1. Plaintiffs, Hertz Corporation d/b/a Hertz Rent-A-Car (Hertz), and their respective counsel shall not provide copies of such documents, information or materials to any person or entity except as otherwise provided below.

2. Plaintiffs' and Hertz's counsel may use all of such documents, information, and materials in the ordinary course of prosecuting this litigation or any other litigation in which Plaintiffs' and Hertz's counsel is employed, subject to the rules of evidence regarding admissibility, and may make available such information to agents, representatives and employees of Plaintiffs' and Hertz's counsel, parties to any such litigation, and experts or expert consultants in such litigation and any other person necessary to Plaintiffs' and Hertz's counsel's prosecution of this litigation and/or any other litigation in which Plaintiffs' and Hertz's counsel is employed; provided, however, that Plaintiffs' and Hertz's counsel and persons entitled to receive or review such documents, information or materials pursuant to this Order shall not divulge or release such documents, information or materials to GM's competitors or others who might exploit such documents, information or materials for their own economic gain.

3. Documents, information or materials produced pursuant to this Order, and any copies thereof, may be disclosed to deponents or witnesses during the course of their preparation for, and the taking of, their deposition or testimony. Prior to the disclosure of such information to a deponent or witness, the attorney making disclosure shall advise the deponent or witness to whom the documents, information or materials contained therein are to be disclosed that, pursuant to this Order, such deponent or witness may not divulge any such materials or the information contained therein to any other person, firm or corporation, except in their testimony or to other attorneys involved in litigation against General Motors.

4. In the event that such confidential documents, information or materials are not included with, or the contents thereof are in any way disclosed by any pleadings, motion, deposition transcript or any other paper filed with this Court, such materials shall be kept confidential and under seal until further Order of this Court.

5. After receiving the documents, Plaintiffs and Hertz have the right to file objections to the confidential designation of any documents that Plaintiffs or Hertz believe are not entitled to such a designation. After filing Plaintiffs' or Hertz's objections, GM shall have 30 days to file a motion with the court to determine whether the documents are entitled to confidential treatment. The burden is upon GM to show that Plaintiffs' and Hertz's use of the documents should be subject to any restrictions. The documents will maintain their confidential designation pending resolution of Plaintiffs' or Hertz's objection and GM's motion.

6. Plaintiffs' and Hertz's counsel shall maintain a list of names of each person exclusive of attorneys who have heretofore been referenced in this Order, to whom confidential documents, information and materials covered by this Order have been disclosed, and such list shall be made available to counsel for GM, upon written request by counsel for GM, at the

DB04/831695.0002/5907754.1  PF06

conclusion of this litigation. This provision is intended to include experts, consultants or other individuals that Plaintiffs' and Hertz's counsel may utilize in prosecution of this litigation.

7.  At the conclusion of this lawsuit, and any other lawsuit similar in nature being handled by Plaintiffs' and Hertz's attorney, by judgment, settlement, dismissal or otherwise, Plaintiffs and Hertz shall return to counsel for GM, upon written request by counsel for GM, all copies of information in this case designated "confidential" or "Produced Pursuant to Protective Order." Counsel for Plaintiffs and Hertz shall certify, by letter, compliance with the requirements of this paragraph within sixty (60) days after receipt of a written request by counsel for GM to return such confidential documents or materials.

8.  This Protective Order and its terms may be modified by any subsequent Protective Order to which Plaintiffs, Hertz, and GM have mutually agreed and/or which is entered by this Court.

### III.

### USE AT TRIAL

This Order shall have no effect on the offering or admission of documents at trial.

SIGNED AND ENTERED this 26th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT

4

APPROVED AS TO FORM AND CONTENT:


*/s/ Victor C. Padios*
Bryan S. Hatch
Victor C. Padios
Stinson Morrison Hecker LLP
1299 Farnam Street, #1501
Omaha, NE  68102

Mary Quinn Cooper
Andrew L. Richardson
McAfee & Taft
1717 S. Boulder, Ste 900
Tulsa OK 74119
Attorneys for Defendant General Motors LLC



*/s/ Peter T. Kenney*
Peter T. Kenney
Michael F. Kinney
Cassem Tierney
8805 Indian Hills Dr.
Suite 300
Omaha NE  68114
Attorneys for Defendant The Hertz Corporation d/b/a Hertz Rent-A-Car



*/s/ Christopher P. Welsh*
Christopher P. Welsh
Welsh & Welsh
9290 West Dodge Rd
100 The Mark
Omaha NE  68114

Gretchen Harvey
10855 West Dodge Rd.
Suite 240, Two Old Mill
Omaha, NE  68154
Attorneys for Plaintiffs

5